**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHARIF HASSAN AMIR BEY,

                      Plaintiff,

    v.                                                                              1:20-CV-739

GLEN MESSINA,                                                          (BKS/CFH)

                      Defendant.

---

**APPEARANCES:**

Sharif Hassan Amir Bey
c/o 31 Columbia Street
Hudson, New York 12534
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.  In Forma Pauperis

Plaintiff pro se Sharif Hassan Amir Bey ("Plaintiff") purported to commence this action on July 2, 2020, with the filing of a complaint and an application to proceed in forma pauperis ("IFP") in lieu of paying this Court's filing fee. See Dkt. Nos. 1, 2. On October 16, 2020, after the Court administratively closed the case due to Plaintiff's failure to submit a proper IFP, Plaintiff submitted a second IFP application, and the Court reopened the matter. See Dkt. Nos. 6, 7. After reviewing Plaintiff's IFP

application, Dkt. No. 6, the undersigned determines that Plaintiff financially qualifies to proceed IFP for the purpose of filing.[1]

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine whether a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevisions Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean that the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). Ultimately, the

---

[1] Plaintiff is advised that, despite being granted IFP status, he will still be required to pay any fees and costs he may incur in this action, including, but not limited to, copying, transcript, and witness fees.

2

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable. Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

A complaint that fails to comply with the pleading requirements "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and

plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### B. Plaintiff's Complaint

Plaintiff's complaint is written on a form complaint for Bivens actions. Dkt. No. 1 at 1. Plaintiff purports to argue that this Court has jurisdiction under the Treaty of Peace and Friendship of 1836 ("the Treaty") and Article III, Section 2 of the United States Constitution. Id. at 1. Plaintiff alleges that Defendant's sale of 109 Fish and Game Road, Hudson, New York 12534 ("the property") is "fraudulent, a breach of trust, and trespassing." Dkt. No. 1 at 9; Dkt. No. 1-1 at 12. Plaintiff seeks $2,500,000 in compensatory damages and $2,500,000 in punitive damages as a result of Defendant Glen Massina's ("Defendant") sale of the property. Dkt. No. 1 at 11.

Plaintiff's alleged claim to the property appears to be grounded in three arguments. First, he argues that Moors "are the founders and are the true possessors of the present Moroccan Empire," which includes North America, and that, as a Moor,

he has ownership rights to those lands. Dkt. No. 1 at 6. Plaintiff also cites the United States Supreme Court's decision, U.S. v. Turner, 52 U.S. 663 (1850), which he argues declares Moors to be the "lawful landowners" of North America. Dkt. No. 1 at 8-9. Second, Plaintiff argues that the Treaty and various articles of the United States Constitution provide a remedy against anyone who breaches that trust by selling his land without authorization. Id. at 11. The Treaty, he asserts, is a grant from the "Emperor of Morocco . . . [allowing] European colonial settlers to occupy the land . . . of North America" and giving the settlers no right to sell that land. Id. at 10. He further seems to argue that this Treaty governs as the "supreme law" of the United States under Article VI, Section 2 of the Constitution. Dkt. No. 1 at 7, 11. Third, Plaintiff argues that Defendant breached the Treaty and Article VI of the Constitution and trespassed on Plaintiff's land by selling the property without his permission. Id. at 10, 11.

### C. Analysis

Plaintiff's claims fail to meet the requirements of Fed. R. Civ. P. 8 or the pleading requirements set out by the Supreme Court. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. Plaintiff does not provide a short and plain statement showing that he is entitled to relief nor does he plead factual content allowing the Court to "draw the reasonable inference that" Defendant is liable for fraud, breach of trust, and trespass. FED. R. CIV. P. 8(a)(2); Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); Dkt. No. 1 at 2. Even liberally construed, Plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); Twombly, 550 U.S. at 570.

The undersigned first interprets Plaintiff's complaint as seeking to set forth a fraud claim, which would arise under New York state law.  See Dkt. No. 1.  "The elements of fraud in New York include: a false representation of material fact, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury."  Evans v. Ottimo, 469 F.3d 278, 283 (2d Cir. 2006) (citing Channel Master Corp. v. Aluminum Ltd. Sales, 151 N.E.2d 833, 834-35 (N.Y. 1958)).  Plaintiff's complaint fails to demonstrate that Defendant communicated with him at all.  Dkt. No. 1 at 14.  Rather, Plaintiff's affidavits suggest that he initiated this suit after Defendant failed to respond to Plaintiff's communications.  See id.  As Plaintiff has not demonstrated that Defendant made a false representation to him; he has not pleaded factual content allowing the Court to reasonably infer that Defendant has committed fraud.  Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678.  A fraud claim that does not "contain[] all the necessary elements" is not "sufficient to support a fraud action."  Channel Master Corp., 151 N.E.2d at 835.  As Plaintiff failed to demonstrate this element of his fraud claim, he fails to plead a prima facie claim for fraud.

The undersigned next interprets Plaintiff's complaint as seeking to set forth a "breach of trust" claim.  See Dkt. No. 1.  Plaintiff claims that the Constitution of the United States is a "trust document," "the United States of America is a trustee," and he is a beneficiary of this trust through the language in the Constitution stating "'We the people' as well as 'ourselves and our Posterity.'"  Dkt. No. 1-1 at 12.  As such, he argues that Defendant's sale of the property, without "a delegation of authority order from the United States Congress," constitutes a breach of the trust.  Id.

There are two kinds of trusts under New York State law. For an express trust, there must be "(1) a designated beneficiary, (2) a designated trustee, who is not the same person as the beneficiary, (3) a clearly identifiable res, and (4) [a] delivery of the res by the settlor to the trustee with the intent of vesting legal title in the trustee." See Agudas Chasidei Chabad of U.S. v. Gregory, 833 F.2d 431, 433-34 (2d Cir. 1987) (citing Brown v. Spohr, 73 N.E. 14, 16-17 (N.Y. 1904)). A constructive trust exists when there is "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment." In re Koreag, 961 F.2d 341, 352 (2d Cir. 1992) (citations omitted).

Plaintiff's allegations do not demonstrate that a trust exists under either standard. First, he fails to show that an express trust exists as his references to the text of the Constitution do not show that it, or any other document, constituted "an explicit declaration of trust," or set forth "circumstances which show beyond reasonable doubt that" the United States and Moroccan governments, in signing the Treaty, intended to create a trust for the benefit of Plaintiff and his ancestors. Agudas Chasidei Chabad of U.S., 833 F.2d at 434 (citations omitted). Similarly, Plaintiff's assertions regarding his heritage and the text of the Constitution do not support a claim for a constructive trust as they do not show any fiduciary relationship between Plaintiff or his ancestors and the drafters of the Constitution. See Koreag, 961 F.2d at 352. Further, he fails to show a promise from the drafters of the Constitution to create a trust. See id. Because Plaintiff has not provided factual allegations that could show the existence of a trust, he fails to set forth a claim for breach of trust under New York State law.

Finally, the undersigned addresses Plaintiff's apparent trespass claim. "Under New York law, trespass is the intentional invasion of another's property." Scribner v. Summers, 84 F.3d 554, 557 (2d Cir. 1996) (citations omitted). To plead a prima facie claim for trespass, the plaintiff must have a right to the property in question. See, e.g., Harrington v. Saint-Gobain Performance Plastics Corp., 1:18-CV-152 (LEK/DJS), 2018 WL 5668624, at *2 (N.D.N.Y. Nov. 1, 2018) (noting that where the owner's minor children did not own the property in question, they could not state claims for trespass on the property); Borough of Upper Saddle River, N.J. v. Rockland Cty. Sewer Dist. #1, 16 F. Supp.3d 294, 340 (S.D.N.Y. 2014) (noting that a plaintiff's trespass claim would fail without sufficient "proof of ownership") (citing Romeo v. Sherry, 308 F. Supp.2d 128, 143 (E.D.N.Y. 2004)). Plaintiff's argues that the Treaty gives him ownership rights to the property at issue. Dkt. No. 1 at 10. As Plaintiff's ownership claims to the property under the Treaty are frivolous[2] and do not establish that he has any ownership rights in the property, they do not support a claim for trespass. Accordingly, even applying special solicitude, Plaintiff fully fails to demonstrate any of the elements of a trespass claim under New York State law.[3]

---

[2] The undersigned observes that courts have held that a plaintiff's "reliance on . . . the Treaty with Morocco, for the purposes of a civil suit raising claims based on . . . events that occurred within . . . the United States' geographical territory is facially frivolous . . . includ[ing] any claims related to real estate property located within the United States." Bey v. City of Rochester, No. 11-CV-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) (quoting El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 558 (D. N.J. 2011)). Similarly, here, Plaintiff's claims to the property, which are grounded in the Treaty, are facially frivolous and do not provide any grounds for relief.

[3] Even if Plaintiff could plead prima facie state law claims, the undersigned would recommend that this Court decline to exercise supplemental jurisdiction to review these state law claims as he presents no valid claim under federal law. See Smith v. Da Ross, 777 F. Supp 2d 340, 366 (D. Conn. 2011) (citing 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 445 F.3d 118, 122 (2d Cir. 2006) (internal citation omitted) ("Supplemental or pendent jurisdiction is a matter of discretion, not of right. A court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction.").

Plaintiff also asserts that a variety of provisions in the Constitution of the United States provide him grounds for relief as they serve to enforce his rights under the Treaty.  Dkt. No. 1 at 7.  He cites Article III, Section 2 for the proposition that "the judicial power shall extend to all cases . . . arising under . . . treaties made" by the United States, and Article VI for the proposition that "all treaties made . . . under the authority of the United States, shall be the supreme law of the land."  Id.  It appears that Plaintiff cites these constitutional provisions -- which reference treaties, generally -- to show that this Court has jurisdiction over his claims relating to the Treaty; however, these conclusory allegations do not establish this Court's jurisdiction.  Significantly, because Plaintiff's claims under the Treaty are without merit, Article III and Article IV of the Constitution fail to provide Plaintiff with an avenue for relief.

Further, Plaintiff's reliance on U.S. v. Turner is misplaced.  Dkt. No. 1 at 8-9.  Turner declared that a grant of land in Louisiana from the governor of Spain to a French Royalist in exile conveyed no interest in that land and made no mention of Moors.  U.S. v. Turner, 52 U.S. 663, 664, 666 (1850).  Turner is not dispositive here, as the mere fact that the case contains a discussion about a transfer of United States land does not support Plaintiff's claims.  Moreover, Turner does not involve any invocation of rights under the Treaty nor does it suggest that ancestors of the Moors, including Plaintiff, are entitled to property in the United States due to the Treaty.  See id.  Thus, Plaintiff has not established that Article III, Section 2 or Article IV of the Constitution provide this Court with a basis for jurisdiction, that he has any right to the property, or that he is entitled to relief relating to its sale.[4]

---

[4] Plaintiff appends multiple exhibits to his complaint, including affidavits, certificates of copyright registration, maps of property, deeds, and other documents.  Dkt. No. 1-1 at 1-32.  The complaint does

In sum, Plaintiff fails to provide any legal basis allowing the Court to reasonably infer that he has ownership rights in the land at issue such that Defendant is liable for damages for breach of trust or trespass.  Plaintiff's allegations that he has a property right in the entirety of North America due to his heritage as a Moorish American and the Treaty, including any ownership rights in the property at issue, are without merit.  Dkt. No. 1 at 6, 11.  Plaintiff's complaint "tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  A plaintiff must provide "more than sheer possibility that the defendant has acted unlawfully" – a standard Plaintiff does not meet.  Id. at 678.  As Plaintiff fails to provide any plausible support for his contention that he has ownership rights in the property at issue, the Court cannot not reasonably infer that Defendant is liable to Plaintiff for its sale.

Generally, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause[] of action is substantive" and cannot be cured because the plaintiff "is unable to allege any fact sufficient to support [his] claim."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

---

not provide context for many of these exhibits.  See id.  Plaintiff does not provide a cognizable explanation as to how these documents and assertions pertain to his claim and give the Court "no meaningful basis to assess the sufficiency of [the] claims."  Gonzales, 167 F.R.D. at 355.

Here, Plaintiff's claims are based on the conclusory, meritless assertion that, as a descendant of the Moors, who he claims are the rightful owners of all the land in North America, he has ownership rights in the property at issue such that Defendant may not sell the property without his permission.  See Dkt. No. 1 at 6, 11.  As Plaintiff's readings of the Treaty and the Constitution are without any basis in law, any amendment would be futile.  Accordingly, the undersigned concludes that dismissal with prejudice and without opportunity to amend is warranted.  Cuoco, 222 F.3d at 112.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's motion to proceed IFP (Dkt. No. 6) be **GRANTED** for the purposes of filing only; and it is

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** with prejudice without opportunity to amend, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

    Dated: May 3, 2021
          Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).