UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARIF HASSAN AMIR BEY,

                            Plaintiff,                    1:20-cv-739 (BKS/CFH)

v.

GLEN MESSINA,

                            Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Sharif Hassan Amir Bey
Hudson, NY 12534

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Sharif Hassan Amir Bey filed this action against the chief executive officer of OCWEN Financial Corporation, Defendant Glen Messina, and sought leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2, 6). This matter was referred to United States Magistrate Judge Christian F. Hummel who, on May 3, 2021, issued a Report-Recommendation recommending that plaintiff's complaint be dismissed, with prejudice without opportunity to amend. (Dkt. No. 8). Magistrate Judge Hummel concluded that "[e]ven liberally construed, Plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted." (*Id.* at 5). Plaintiff has filed an objection. (Dkt. No. 9). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

In the complaint, Plaintiff alleges that Defendant's sale of 109 Fish and Game Road in Hudson, New York was "fraudulent, a breach of trust, and trespassing." (Dkt. No. 1, at 9). Plaintiff asserts that he had an ownership interest in the property as a Moor, citing to the Treaty of Peace and Friendship of 1836 ("the Treaty"), because Moors "are the founders and are the true possessors of the present Moroccan Empire," which includes North America. (*Id.* at 2-3, 6). Plaintiff also asserts that the Supreme Court's decision in *United States v. Turner*, 52 U.S. 663 (1850), supports his claim of ownership. (*Id.* at 8-9).

In the Report-Recommendation, Magistrate Judge Hummel carefully considered whether the complaint plausibly alleges a claim of fraud, breach of trust, or trespass, and determined that it does not. (Dkt. No. 8, at 7-10). Magistrate Judge Hummel found Plaintiff's reliance on *Turner* misplaced, noting that it "does not involve any invocation of rights under the Treaty nor does it suggest that ancestors of the Moors, including Plaintiff, are entitled to property in the United States due to the Treaty." (*Id.* at 9). The Report-Recommendation notes that "Plaintiff fails to provide any plausible support for his contention that he has ownership rights in the property at issue." (*Id.* at 10). Magistrate Judge Hummel recommended that dismissal be with prejudice

because "Plaintiff's readings of the Treaty and the Constitution are without any basis in law [and] any amendment would be futile." (*Id.* at 11).

Plaintiff has filed an objection, specifically objecting to Magistrate Judge Hummel's determination as to the fraud claim, the breach of trust claim, the trespass claim, and the applicability of *Turner*. (Dkt. No. 9, at 4-7).[1] After considering all of Plaintiff's objections *de novo*, the Court agrees with Magistrate Judge Hummel's thorough analysis in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED**, with prejudice without opportunity to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[1] Plaintiff has also submitted new exhibits with his objection; these documents, like two of the documents attached as exhibits to the complaint, are captioned "The Moorish National Republic Moorish Divine and National Movement of the World, Aboriginal and Indigenous Natural Peoples of North-West Amexem/North America." (Dkt. No. 9-1). Courts "generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018) (citation omitted). Here, however, in light of the recommendation that dismissal be with prejudice, the Court has considered these documents, and notes that they are based on the same meritless assertion that was carefully considered in the Report-Recommendation -- that Plaintiff has an interest in the property as a descendent of the Moors.